UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. CR-05-240-01 (ESH) |
| | : | |
| TANIYA D. JOHNSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the government respectfully recommends that the Court sentence defendant to a sentence at the low end of the Guidelines range of 6 to 12 months.

**I.   BACKGROUND**

On July 13, 2005, defendant Taniya D. Johnson pled guilty to a one-count felony information charging her with Wire Fraud, in violation of 18 U.S.C. § 1343. During her plea colloquy defendant admitted that she engaged in a fraudulent scheme to steal from her employer.

Defendant worked as an administrative assistant at Urban Alliance Foundation, Inc. ("Urban Alliance"), a non-profit corporation located in Washington, D.C., from January 7, 2002, until November 7, 2003. Defendant had access to Urban Alliance's incoming mail, payroll records, and accounting software. Defendant also handled payroll for Urban Alliance's students, and her responsibilities included collecting time sheets and calculating student work hours. Defendant also used the telephone to call in the students' hours to Paychex, a payroll service located in Merrifield, Virginia.

Between in or about January 2003, and in or about October 2003, defendant used the telephone wires to cause Paychex to issue checks from Urban Alliance to its former or current students for hours the students did not work. Defendant then fraudulently caused these checks to be deposited into bank accounts belonging to her or her friends. Defendant also used Urban Alliance's accounting software to issue checks directly to herself, her family members and her friends. Defendant hid these transactions by making false entries in Urban Alliance's computer check ledger. Finally, defendant pocketed funds that her employer had instructed her to deposit into a student's bank account. In all, defendant caused a loss to Urban Alliance of $30,913.80.

## II.    SENTENCING CALCULATION

### A    Statutory Maximum

Defendant pled guilty to one count of Wire Fraud, in violation of Title 18, United States Code, Section 1343. The maximum sentence for this offense is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

### B.    Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates defendant's total offense level at 10. See PSR ¶ 31. This includes the base offense level of six (§ 2B1.1(a)), and six levels for "loss" of more than $30,000 (§ 2B1.1(b)(1)(D)). Moreover, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 10. The PSR also correctly lists

defendant's criminal history as Category I. See PSR ¶ 34. Therefore, the guideline range for defendant is correctly calculated in the PSR as 6-12 months. See PSR ¶ 62. The parties agreed not to seek any adjustments or departures from this offense level.

    C.    Restitution

The plea agreement provides that defendant will pay restitution in the amount of $30,913.80.

    D.    Prior Criminal History

As noted above, defendant has a criminal history score of zero points. See PSR ¶ 34.

### III. CONCLUSION

Defendant is facing 6 to 12 months imprisonment under the (now advisory) Federal Sentencing Guidelines. To her credit, defendant entered a pre-indictment plea in this case and has accepted responsibility for her actions. Moreover, defendant has no criminal history, and appears to be gainfully employed. Defendant apparently continues to struggle with substance abuse problems. Nonetheless, she has taken positive steps to address these problems by, among other things, participating in the New Directions Drug Program. Thus, the government respectfully recommends that the Court sentence defendant to sentence at the low end of the Guidelines range of 6 to 12 months.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY

    _____
    DAVID CAREY WOLL, JR.
    Assistant United States Attorney
    Fraud & Public Corruption Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 514-4250