**JOANNE D. SLAIGHT**
Attorney at Law

717 5th Street, N.W.
Washington, DC 20001
(202) 408-2041
fax (202) 289-6810
e-mail jslaight@att.net

FILED

SEP 29 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Admitted to practice
Washington, DC
New York

*Let this be filed ESH 9/29/05*

September 27, 2005

The Honorable Ellen Huvelle
United States District Court
District of Columbia
Washington, DC 20001-2866

Re:     United States v. Taniya Johnson
        Case number CR 05-240

Dear Judge Huvelle,

Ms. Johnson is before the court after a pre-indictment plea of guilty to wire fraud, 18 U.S.C. §§ 1343. Ms. Johnson requests that she be sentenced to probation, with the condition that she make restitution for the money she took in relation to this case. A probationary sentence will allow her to pay restitution, and is consistent with the sentencing considerations of 18 U.S.C. § 3553. A probationary sentence also falls within the U.S. Sentencing Guidelines. USSG § 5B1.2(a)(1), Presentence Report, page 12, ¶ 69. (The Guidelines provide that at least 6 months of the probationary period includes home detention or halfway house placement.) The government does not oppose a sentence at the low end of the Guidelines.

<u>Sentencing Factors under 18 U.S.C. § 3553</u>

The Court is required to sentence considering factors under 18 U.S.C. § 3553, including:

<u>History and Background</u>
Ms. Johnson, who is 30 years old, has no prior convictions. Unfortunately, her father has been a lifelong drug abuser, and is presently in inpatient treatment in North Carolina. Ms. Johnson followed his example, and herself became a drug abuser. Her drug abuse directly led to her charges in this case. Due to her position handling money, she took money from the Alliance during a period of approximately 10 months, which she used to support her drug habit. Her offense was not based on sophisticated planning or premeditation, but rather fueled by her

Taniya Johnson
Page 2

need for money to buy drugs.[1]

### Acceptance of Responsibility

From the date of her arrest in 2003, Ms. Johnson has done everything requested by the government to accept responsibility in this case. She has met with the government several times as requested, reviewed all documents to confirm her participation, given a handwriting exemplar, and agreed to a pre-indictment plea offered by the government.

Attached is a letter which Ms. Johnson wrote to Urban Alliance, and a letter she has written to the Court. (Exhibits A & B.) If Urban Alliance feels that it is appropriate, she will apologize in person to the Board or students.

### Rehabilitation

Ms. Johnson entered drug treatment the day she was arrested, and successfully completed a 9-month drug treatment program. Although she realizes that drug addiction never disappears, she makes every effort to be vigilant. As part of her efforts to understand and face her own problems, she has maintained contact with her father, who is in drug treatment in North Carolina.

Ms. Johnson, who left Urban Alliance on the verge of being fired, lost her apartment as well as her job. She took temporary jobs until she was placed at her present company, where her hard work earned her a full time position directly with the company.

In addition to her work on addiction and job stability, Ms. Johnson has reconnected with her family. Since she has gotten back on her feet, her mother has moved in her with. Although her mother is presently living at a location closer to her own job, they expect to move in together in the future.

Finally, Ms. Johnson is now in a stable living situation without peer pressure to use drugs or commit illegal acts.

### Restitution

Ms. Johnson has fully agreed to repay the monies taken by her, which she had spent on drugs. Clearly, Ms. Johnson cannot pay that restitution unless she

---

[1] Contrary to the allegations in the victim impact statement, Ms. Johnson never used or participated with anyone in her family to obtain money. All checks or endorsements were to herself or her boyfriend, except for two checks to an unrelated friend, who gave the money to Ms. Johnson. She has not seen or heard from her boyfriend since the date of her arrest. Ms. Johnson's mother did not participate in or know anything about her illegal activities. Ms. Johnson realizes that actions such as she committed can fuel additional rumors implicating other persons or activities which may not be true.

Taniya Johnson<br>Page 3

can work.

### Punishment

Ms. Johnson's felony sentence acts as a severe punishment. She will never be able to vote, she will not be able to hold many jobs, and her restitution will severely restrict her earnings. She will, at a minimum, report to the probation office, where her actions will be monitored. She also has to live with the shame that her actions were fully and publicly exposed to those who respected her.

### U.S. Sentencing Guidelines

As stated above, the Sentencing Guidelines allow for a probationary sentence, provided that six months of the probation be served through home detention or halfway house placement. Ms. Johnson falls in this range because her restitution amount is $30,913.80 - barely within the $30,000 to $70,000 range for a level 10 sentence, falling in the Zone B category. Had her theft been less than $30,000, she would have been level 8, placing her in the Zone A probationary range.

Clearly, the Supreme Court has ruled under United States v. Booker, 160 L.Ed. 2d 621 (2005), that the Sentencing Guidelines cannot be applied mechanically. The bright lines which the Guidelines pretended to draw in sentencing in financial loss cases lose their logic when 18 U.S.C. § 3553 factors are fully considered, as required by Booker.

Ms. Johnson, who already falls under the low end of the spectrum in the financial loss calculus, has sincerely made every effort, and will continue to make every effort, to atone for her actions. She requests that you consider these factors in fashioning a sentence that will allow her to make restitution to Urban Alliance.

Yours truly,<br><br>Joanne Slaight

c.c.   AUSA David Woll
       PO Jeffrey Lee
enc.